15416

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Criminal No. 2:24-cr-248 |
| ARDIT KUTLESHI, <br> JETMIR KUTLESHI, | 18 U.S.C. § 1956(h) <br> 18 U.S.C. § 1029 <br> 18 U.S.C. § 1028 <br> 18 U.S.C. § 1028A <br> 18 U.S.C. § 2 |
| d/b/a RYDOX, <br> RYDOX.cc, <br> and RYDOX.ru | **[UNDER SEAL]** |
| Defendants. | |

**FILED**

**NOV 06 2024**

CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

## INDICTMENT

### Introduction and General Allegations

At times relevant and material to this Indictment:

1.     ARDIT KUTLESHI was a citizen of Kosovo and last resided in Kosovo.

2.     JETMIR KUTLESHI was a citizen of Kosovo and last resided in Kosovo.

3.     Starting in and around February 2016, the defendants, ARDIT KUTLESHI and JETMIR KUTLESHI, administered, operated, controlled, and maintained an online marketplace known as "Rydox" (hereinafter "Rydox" or "Rydox Marketplace"), which offered and trafficked in spamming tools, spamming tutorials, scam pages, victims' personally identifiable information ("PII") such as names, addresses, dates of birth, social security numbers, as well as login credentials for e-mail accounts, e-commerce accounts, credit card accounts and online dating accounts to facilitate online criminal conduct.

4.     From in and around February 2016, Rydox used the internet domain "rydox.ru" which was hosted by a web hosting service provider located in Uruguay (hereinafter "CORPORATION 1").

5.     In and around October 2016, Rydox transitioned from using the internet domain "rydox.ru" to using the internet domain "rydox.cc." CORPORATION 1 continued to host the "rydox.cc" domain. In and around this time, the defendant, ARDIT KUTLESHI discussed the transfer of files from "rydox.ru" to "rydox.cc" with a third party known to the grand jury (hereinafter "CO-CONSPIRATOR 1").

6.     In and around March 2017, the defendant, JETMIR KUTLESHI, created an account on a file sharing site that was used to assist with the transfer of illicit products, services, tools, and programs purchased from the Rydox Marketplace.

7.     In and around August 2017, CORPORATION 1 terminated its services pertaining to hosting the internet domain "rydox.cc" due to "dark market activities."

8.     Starting in and around August 2017, the defendant, ARDIT KUTLESHI created an account with a different web hosting services provider based in Malaysia (hereinafter "CORPORATION 2") and moved Rydox's internet domain "rydox.cc" to CORPORATION 2's servers.

9.     Rydox, as hosted at "rydox.cc," commenced operations in and around October 2017, on CORPORATION 2's server. From in and around August 2019 to September 2020, Rydox appeared to pause its online operations. Rydox restarted operations in and around September 2020.

10. From in and around September 2020, through the date of this Indictment, Rydox has operated as an online marketplace offering, selling, transferring, and trafficking in illicit products, services, tools, and programs to facilitate online criminal conduct.

11. With the exception of the aforementioned pause in operations, since at least in and around February 2016, and through the date of this Indictment, Rydox offered, sold, transferred, and trafficked in stolen "access devices" as defined in Title 18, United States Code, Section 1029(e)(1), "unauthorized access devices," as defined in Title 18, United States Code, Section 1029(e)(3), and "means of identification" as defined in Title 18, United States Code, Section 1028(d)(7). Specifically, Rydox offered, sold, transferred, and trafficked in spamming tools, spamming tutorials, scam pages, victims' PII such as names, addresses, dates of birth, social security numbers, as well as login credentials for e-mail accounts, e-commerce accounts, credit card accounts and online dating accounts.

12. Users of the Rydox Marketplace first had to register with an e-mail address and create a Rydox account to access most of the Rydox Marketplace content. These Rydox Marketplace users also had to register to purchase or sell illicit products, services, tools, and programs from or through the Rydox Marketplace.

13. During times relevant to the Indictment, Rydox offered and sold illegitimate products, services, tools, and programs which were intended to facilitate online criminal activity. Rydox also advertised on known cybercriminal forums and included claims of selling stolen and hacked information in its promotional material. Further, the Rydox Marketplace generated illegitimate proceeds from its operations and sales.

14. During times relevant to the Indictment, the illicit products, services, tools, and programs offered and sold on the Rydox Marketplace were stored on servers and file sharing sites that were controlled by the defendants, ARDIT KUTLESHI and JETMIR KUTLESHI.

Illicit Payments to and Funds Derived from Rydox Marketplace

15. Prior to making a purchase on the Rydox Marketplace, a registered Rydox user had to first deposit a sum of virtual currency, otherwise known as cryptocurrency, into their Rydox account. Rydox accepted payments through various cryptocurrencies, including Perfect Money, Ethereum, Litecoin, Bitcoin ("BTC"), Monero, Ripple, Tron, or Verge. All incoming payments from Rydox users were placed into a cryptocurrency wallet controlled by Rydox.

16. Once a registered Rydox user had sufficient funds in his/her Rydox account, the Rydox user could draw from such funds to purchase illicit products, services, tools, and programs from the Rydox Marketplace.

17. Once the registered Rydox user deposited funds into a cryptocurrency wallet controlled by Rydox, these funds were disassociated from this Rydox user's account and were controlled by the defendants, ARDIT KUTLESHI and JETMIR KUTLESHI, in that they controlled the Rydox cryptocurrency wallets.

18. Rydox also charged its registered users a one-time fee to become authorized sellers of illicit products, services, tools, or programs on the Rydox Marketplace. This one-time fee paid in cryptocurrency fluctuated between the equivalent of $200 to $500 during the operation of Rydox.

19. Once registered, authorized sellers selected their own listing price for their illicit products, services, tools, or programs on the Rydox Marketplace. These authorized sellers

received sixty percent (60%) of the sale proceeds. Rydox retained forty percent (40%) of the proceeds from every sale on the Rydox Marketplace.

20.     From in and around September 2020, through in and around February 2023, Rydox engaged in approximately 7600 transactions involving the sale of illicit products, services, tools, or programs. During this same timeframe, Rydox received approximately 3050 incoming virtual currency payments from registered Rydox users equaling approximately $232,284.[1]

21.     To facilitate the receipt of funds and to process payments for Rydox, the defendants, ARDIT KUTLESHI and JETMIR KUTLESHI, created and maintained multiple cryptocurrency accounts.

22.     From in and around February 2021, through in and around March 2022, at least thirteen (13) direct transfers of BTC consisting of illicit proceeds from the Rydox Marketplace were made to a cryptocurrency wallet controlled by the defendant, JETMIR KUTLESHI.

23.     In and around August 2017 through at least May 2024, the defendant ARDIT KUTLESHI used criminal proceeds obtained from the operation of the Rydox Marketplace to pay for Rydox's server as well as other service providers for the operation of the Marketplace.

Western District of Pennsylvania (WDPA) Victims

24.     The Rydox Marketplace offered and sold illicit products, including "means of identification" and "access devices," as those terms are defined under Title 18, United States Code, Sections 1028 and 1029, belonging to victims residing in the Western District of Pennsylvania. The defendants, ARDIT KUTLESHI and JETMIR KUTLESHI, had access to and control of the "means of identification" and "access devices" sold on the Rydox Marketplace.

---

[1]     This value is based upon adjusted trading value of the involved virtual currencies involved at the time of each transaction.

25.     On or about November 21, 2022, an undercover source with the Federal Bureau of Investigation ("FBI") registered as a Rydox user and created an account on the Rydox Marketplace.    This undercover FBI source also deposited the equivalent of $300 in cryptocurrency into a wallet controlled by Rydox using the cryptocurrency address which Rydox provided for its incoming payments.

26.     On or about November 21, 2022, while located in the Western District of Pennsylvania, the undercover FBI source purchased approximately 40 "fullz," which is a package of individuals' identifying information and credentials commonly used to commit financial fraud, from the Rydox Marketplace.    These "fullz" contained stolen PII, means of identification, or access devices, including victims' first and last names, e-mail addresses, addresses, phone numbers, social security numbers, dates of birth, and driver's license numbers.

27.     One of the "fullz" purchased by the undercover FBI source on or about November 21, 2022, contained PII that belonged to VICTIM 1, an individual who resided in the Western District of Pennsylvania and who is known to the grand jury.    VICTIM 1's PII, which included his/her name, date of birth, email address, and mailing address, was sold on the Rydox Marketplace without VICTIM 1's knowledge or authorization.

28.     On or about July 28, 2022, VICTIM 2, an individual who resided in the Western District of Pennsylvania and who is known to the grand jury, had his/her name, phone number, address, e-mail, and debit card account number sold on the Rydox Marketplace without his/her knowledge or authorization.

29.     On or about August 21, 2022, VICTIM 3, an individual who resided in the Western District of Pennsylvania and who is known to the grand jury, had his/her name, phone

number, address, e-mail, and debit card account number sold on the Rydox Marketplace without his/her knowledge or authorization.

30.     On or about January 4, 2023, VICTIM 4, an individual who resided in the Western District of Pennsylvania and who is known to the grand jury, had his/her name, phone number, address, e-mail, and debit card account number sold on the Rydox Marketplace without his/her knowledge or authorization.

31.     On or about May 22, 2024, VICTIM 5, an individual who resided in the Western District of Pennsylvania and who is known to the grand jury, had his/her name, social security number, date of birth, phone number, license, address, and e-mail address purchased on the Rydox Marketplace without his/her knowledge or authorization by an FBI undercover employee, who was located in the Western District of Pennsylvania at the time of purchase.

32.     On or about May 22, 2024, VICTIM 6, an individual who resided in the Western District of Pennsylvania and who is known to the grand jury, had his/her username, e-mail address and password for a paid subscription account purchased on the Rydox Marketplace without his/her knowledge or authorization by an FBI undercover employee, who was located in the Western District of Pennsylvania at the time of purchase.

33.     The defendants, ARDIT KUTLESHI and JETMIR KUTLESHI, maintained records on the Rydox server of the products sold on the Rydox Marketplace, to include victim PII offered and sold on the Rydox Marketplace.  The defendants, ARDIT KUTLESHI and JETMIR KUTLESHI, also stored victim information on the Rydox server and on a file sharing site account created by JETMIR KUTLESHI.  The personal information of VICTIM 1, VICTIM 2, VICTIM 3, VICTIM 4, and VICTIM 6 was maintained directly on the Rydox server hosted by CORPORATION 2 before and after being transferred to the purchasers of the information.  The

personal information of VICTIM 5 was stored on the file sharing site account created by JETMIR KUTLESHI before being transferred to the purchaser of the information.

<u>The Defendants' Control and Maintenance of Rydox</u>

34.     During the time period relevant to the Indictment, the defendants, ARDIT KUTLESHI and JETMIR KUTLESHI, administered, operated, controlled, and maintained the Rydox Marketplace.

35.     In and around May 2016, the defendant, ARDIT KUTLESHI, engaged CO-CONSPIRATOR 1, to create and assist with the development of the Rydox Marketplace. ARDIT KUTLESHI engaged in subsequent and continued communications through Facebook messenger with CO-CONSPIRATOR 1 regarding the development, operation, and editing of the Rydox Marketplace until at least in and around May 2024.

36.     During the time period relevant to the Indictment, the defendant, ARDIT KUTLESHI, assisted with the operation and maintenance of the Rydox Marketplace by responding to and addressing inquiries from Rydox Marketplace users to further facilitate the functionality of the Marketplace and the sales of illicit products, services, tools or programs.

37.     The defendant, ARDIT KUTLESHI, also administered, operated, controlled, and assisted with the maintenance of the Rydox Marketplace by creating and utilizing various Rydox administrative/user accounts to complete various activities on the Marketplace and interact with Rydox Marketplace users.

38.     The defendant, JETMIR KUTLESHI, assisted with the operation and maintenance of the Rydox Marketplace by transferring illicit products, services, tools, and programs purchased on the Rydox Marketplace to buyers of these items through a file sharing site and other means.

39.     The defendant, JETMIR KUTLESHI, assisted with the maintenance and operation of the Rydox Marketplace by making updates and revisions to the Rydox server and the Rydox Marketplace site.

<u>The Defendants' Control and Access to Rydox's Proceeds</u>

40.     The defendants, ARDIT KUTLESHI and JETMIR KUTLESHI, accessed, controlled, and withdrew cryptocurrency funds from an account controlled by Rydox for incoming payments.

41.     The defendants, ARDIT KUTLESHI and JETMIR KUTLESHI, received funds from incoming payments to the Rydox Marketplace, which were comprised of proceeds from the sales of illicit items on the Rydox Marketplace and one-time fees to become authorized Rydox sellers.

42.     From in and around September 2020, and continuing until in and around November 2024, the defendants, ARDIT KUTLESHI and JETMIR KUTLESHI, together, received funds in illicit payments from a Rydox cryptocurrency wallet. These funds were derived from the proceeds of illicit sales and fees to become sellers of illicit items on the Rydox Marketplace.

43.     As of the time of the Indictment, approximately 6.86329113 BTC,[2] which had the equivalent value of approximately $426,599 as of October 1, 2024, and represented illegal proceeds from the Rydox Marketplace remained in Rydox's cryptocurrency account or had been transferred from Rydox's cryptocurrency account to other self-storage wallets controlled by the defendants.

---

[2]     All BTC/bitcoin values referenced in the Indictment are approximate values at the time of the transaction due to bitcoin's fluctuating exchange rate.

## COUNT ONE
### (Conspiracy to Commit Money Laundering)

The grand jury charges:

44.    Paragraphs 1 through 43 of this Indictment are realleged and incorporated by reference as if fully set forth herein.

45.    Beginning in and around February 2016, and continuing until in and around November 2024, in the Western District of Pennsylvania and elsewhere, the defendants, ARDIT KUTLESHI and JETMIR KUTLESHI, did knowingly combine, conspire, and agree with each other and with other persons known and unknown to the grand jury to commit certain offenses against the United States in violation of Title 18, United States Code, Section 1956 and Section 1957, to wit:

a.    To knowingly conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, which involved the proceeds of a specified unlawful activity, that is fraud and related activity in connection with identification documents in violation of Title 18, United States Code, Section 1028, and fraud and related activity in connection with access devices in violation of Title 18, United States Code, Section 1029, with the intent to promote the carrying on of specified unlawful activity, that is fraud and related activity in connection with identification documents in violation of Title 18, United States Code, Section 1028, and fraud and related activity in connection with access devices in violation of Title 18, United States Code, Section 1029, and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i); and

b.    To knowingly engage and attempt to engage, in monetary transactions by, through or to a financial institution, affecting interstate and foreign commerce, in criminally derived property of a value greater than $10,000, that is, fraud and related activity in connection with identification documents in violation of Title 18, United States Code, Section 1028, and fraud and related activity in connection with access devices in violation of Title 18, United States Code, Section 1029, such property having been derived from a specified unlawful activity, that is, fraud and related activity in connection with identification documents in violation of Title 18, United States Code, Section 1028, and fraud and related activity in connection with access devices in violation of Title 18, United States Code, Section 1029, in violation of Title 18, United States Code, Section 1957.

In violation of Title 18, United States Code, Section 1956(h).

<u>Object of the Conspiracy</u>

46.    During times relevant to the Indictment, it was a part and object of the conspiracy that the defendants, ARDIT KUTLESHI and JETMIR KUTLESHI, and others:

a.    willfully and knowingly conducted financial transactions that involved proceeds of a specified unlawful activity to promote the continuation of the unlawful activity; and

b.    knowingly engaged in financial transactions with criminally derived property that was of a value greater than $10,000.

<u>Manner and Means of the Conspiracy</u>

47.    During times relevant to the Indictment, it was part of the conspiracy that  the defendants, ARDIT KUTLESHI and JETMIR KUTLESHI, administered, operated, controlled, and maintained the illicit online Rydox Marketplace, which solicited, sold, transferred, and

trafficked in illicit products and services, including victim's stolen PII, access devices, and means of identification, to monetize and profit from illicit sales on the Rydox Marketplace. It was further part of the conspiracy that ARDIT KUTLESHI and JETMIR KUTELSHI created accounts on file sharing sites to further facilitate the sale, transfer, and trafficking of illicit products and services on the Rydox Marketplace.

48.     It was further part of the conspiracy that the defendants, ARDIT KUTLESHI and JETMIR KUTLESHI, communicated through a number of means, including email and online messaging services, such as Facebook Messenger, to facilitate the administration, operation, control, and maintenance of the Rydox Marketplace.

49.     It was further part of the conspiracy that the defendants, ARDIT KUTLESHI and JETMIR KUTLESHI, maintained access and control over payments of cryptocurrency by Rydox users that were deposited into Rydox Marketplace cryptocurrency wallets.

50.     It was further part of the conspiracy that the defendants, ARDIT KUTLESHI and JETMIR KUTLESHI, maintained control over the withdrawals of the payments on the Rydox Marketplace and subsequent movement of those payments, which included payments exceeding $10,000 to other cryptocurrency or financial accounts which were established and controlled by the defendants.

51.     It was further part of the conspiracy that the defendants, ARDIT KUTLESHI and JETMIR KUTLESHI, used criminally derived proceeds to pay for the continuation and operation of the Rydox Marketplace.

52.     It was further part of the conspiracy that the defendants, ARDIT KUTLESHI and JETMIR KUTLESHI, shared login credentials to administer, control, operate, and maintain the Rydox Marketplace.

53.    It was further part of the conspiracy that the defendants, ARDIT KUTLESHI and JETMIR KUTLESHI, jointly created and used several Rydox user accounts to sell stolen access devices, scam pages and spamming tools on the Rydox Marketplace.

Overt Acts

54.    In furtherance of this conspiracy and to effect and accomplish its objects, one or more of the defendants and others, both indicted and unindicted, committed overt acts in the Western District of Pennsylvania and elsewhere, including the following:

55.    On or about February 3, 2016, the defendant, ARDIT KUTLESHI, created an account with CORPORATION 1 to host rydox.ru.

56.    On or about October 21, 2016, the defendant, ARDIT KUTLESHI, registered and paid for the Rydox.cc domain.

57.    On or about August 22, 2017, the defendant, ARDIT KUTLESHI, created an account with CORPORATION 2 to host rydox.cc.

58.    On or about December 18, 2017, the defendant, ARDIT KUTLESHI, registered a cryptocurrency account with a cryptocurrency exchange headquartered in San Francisco, California (hereinafter Cryptocurrency Service Provider 1) using a passport bearing the name "ARDIT KUTLESHI." This account received funds from a cryptocurrency account controlled by Rydox during times relevant to this Indictment.

59.    On or about January 11, 2018, the defendant, JETMIR KUTLEHSI, registered a cryptocurrency account with a cryptocurrency exchange headquartered in the Cayman Islands (hereinafter Cryptocurrency Service Provider 2), using a passport bearing the name "JETMIR KUTLESHI." This account received funds from a cryptocurrency account controlled by Rydox during times relevant to this Indictment.

60.     On or about July 2, 2020, the defendant, ARDIT KUTLESHI, registered an account with the name "RydoxTM" with a cryptocurrency service provider located in Vancouver, Canada (hereinafter Cryptocurrency Service Provider 3), to facilitate payments on Rydox. Both defendants, ARDIT KUTLESHI and JETMIR KUTLESHI, had access to this "RydoxTM" account. This account was closed on or about September 20, 2021. Criminal proceeds from the Rydox Marketplace were used to pay for this service.

61.     On or about September 19, 2022, the defendant, ARDIT KUTLESHI, registered an account with the name "RydoxTeam" with Cryptocurrency Service Provider 3, using his driver's license. Both defendants, ARDIT KUTLESHI and JETMIR KUTLESHI, had access to this "RydoxTeam" account.

62.     On or about July 17, 2022, the defendants, ARDIT KUTLESHI and JETMIR KUTLESHI, communicated with an unknown third-party regarding the use of cryptocurrency for Rydox transactions given its anonymity features.

63.     On or about October 24, 2022, the defendant, ARDIT KUTLESHI, requested and provided Rydox log-in credentials through Facebook Messenger, to the defendant, JETMIR KUTLESHI, access one of the Rydox administrator's accounts to add funds to a Rydox user's account.

64.     Later, also on or about October 24, 2022, JETMIR KUTLESHI communicated to ARDIT KUTLESHI that these the funds had been added to that user's account per ARDIT KUTLEHSI's instruction.

65.     On or about December 16, 2022, the defendant, ARDIT KUTLESHI, instructed the defendant, JETMIR KUTLESHI, to add funds to a Rydox's users account on the Rydox Marketplace through Facebook Messenger.

Overt Acts Concerning Specific Monetary Transactions Derived from Unlawful Activity

66.    On or about March 26, 2021, the defendant, JETMIR KUTLESHI, received a transfer in an amount greater than the equivalent of $10,000 in cryptocurrency (BTC) to his Binance/BTC wallet following two preceding transfers from Rydox's virtual currency wallet. This transfer consisted of criminal proceeds derived from the operation of the Rydox Marketplace.

67.    On or about September 6, 2021 (10:11 UTC), the defendant, JETMIR KUTLESHI, received a transfer in an amount greater than the equivalent of $10,000 in cryptocurrency (BTC) to his Binance/BTC wallet.  This transfer consisted of criminal proceeds derived from the operation of the Rydox Marketplace.

68.    On or about September 6, 2021 (11:13 UTC), the defendant, JETMIR KUTLESHI, received a transfer in an amount greater than $10,000 in cryptocurrency (BTC) to his Binance/BTC wallet.  This transfer consisted of criminal proceeds from the operation of the Rydox Marketplace.

In violation of Title 18, United States Code, Section 1956(h).

<u>COUNT TWO</u>

(Unauthorized Solicitation of Access Device)

The grand jury further charges:

69.     The factual allegations in paragraphs 1 through 25, 31, and 33 of this Indictment are realleged and incorporated by reference as if fully set forth herein.

70.     On or about May 22, 2024, in the District of Western Pennsylvania and elsewhere, defendants ARDIT KUTLEHSI and JETMIR KUTLESHI did knowingly and with intent to defraud, solicit other persons for the purpose of offering and selling information regarding access devices as defined by 18 U.S.C. § 1029(e)(1), to wit, VICTIM 5's name, social security number, date of birth, phone number, license, address and email address, without the authorization of the issuer of the access device, and said solicitation was in and affecting interstate and foreign commerce, in that solicitation occurred via Internet, and between computers located inside the State of Pennsylvania and computers located outside of the State of Pennsylvania.

In violation of Title 18, United States Code, Sections 1029(a)(6), 1029(c)(1)(A)(i) and 2.

COUNT THREE

(Conspiracy to Transfer, Possess, or Use Means of Identification)

The grand jury further charges:

71.    The factual allegations in paragraphs 1 through 43 and 47 through 53 of this Indictment are realleged and incorporated by reference as if fully set forth herein.

72.    From in and around February 2016, and continuing until in and around November 2024, in the Western District of Pennsylvania and elsewhere, the defendants, ARDIT KUTLESHI and JETMIR KUTLESHI, did knowingly and intentionally conspire with each other and others known and unknown to the grand jury, to knowingly transfer and cause to be transferred, possess, and use, in and affecting interstate or foreign commerce, without lawful authority, means of identification of another person, as defined in 18 U.S.C. § 1028 (d)(7), with intent to commit and to aid or abet, or in connection with, unlawful activity that constitutes a violation of federal law or felony under applicable state or local law, contrary to Title 18, United States Code, Sections 1028(a)(7) and (b)(1).

73.    It was the object of the conspiracy for the defendants, ARDIT KUTLESHI and JETMIR KUTLESHI, and others, to enrich themselves and profit from the operation of the Rydox Marketplace and to transfer, cause to be transferred, possess, and use personal identification information, means of identification, and /or access devices, of victims to obtain money to which they were not entitled.

In violation of Title 18, United States Code, Section 1028(f).

<u>COUNTS FOUR AND FIVE</u>

(Unlawful Transfer, Use, or Possession of Means of Identification)

The grand jury further charges:

74.     The factual allegations in paragraphs 1 through 27, 31, and 33 of this Indictment are realleged and incorporated by reference as if fully set forth herein.

75.     On or about the dates identified below, in the Western District of Pennsylvania and elsewhere, the defendants, ARDIT KUTLESHI and JETMIR KUTLESHI, did knowingly possess, and transfer and cause to be transferred, in or affecting interstate or foreign commerce, without lawful authority, means of identification of another person, as defined in 18 U.S.C. § 1028 (d)(7), to wit, the means of identification as set forth below in each count, with the intent to commit, or to aid or abet, or in connection with, unlawful activity that constitutes a violation of federal law or felony under applicable state or local law.

| Count | Date | Description of Means of Identification |
|-------|------|----------------------------------------|
| 4 | November 21, 2022 | VICTIM 1's name, date of birth, address to access an online account issued by an electronic mail service provider. |
| 5 | May 22, 2024 | VICTIM 5's name, date of birth, social security number, driver's license, address and email address to access an online account issued by an electronic mail service provider. |

In violation of Title 18, United States Code, Sections 1028(a)(7) and (b) and 2.

## COUNT SIX

### (Aggravated Identity Theft)

The grand jury further charges:

76.     The factual allegations in paragraphs 1 through 25, 31, 33 and 70 of this Indictment are realleged and incorporated by reference as if fully set forth herein.

77.     On or about May 22, 2024, in the Western District of Pennsylvania and elsewhere, the defendants, ARDIT KUTLESHI and JETMIR KUTLESHI, during and in relation to a felony violation of Title 18, United States Code, Section 1029(a)(6) as set forth in Count Two of this Indictment, did knowingly transfer and possess, without lawful authority, a means of identification of another person, namely, VICTIM 5's name, date of birth, social security number, driver's license, address and email address.

In violation of Title 18, United States Code, Sections 1028A(a)(1) and 2.

## FORFEITURE ALLEGATIONS

78.    The allegations of this Indictment are re-alleged and by this reference fully incorporated herein for the purpose of alleging criminal forfeiture to the United States of America of certain property in which the defendants, ARDIT KUTLESHI and JETMIR KUTLESHI, have an interest.

79.    The United States hereby gives notice to the defendants charged in Count One, that upon their conviction, the government will seek forfeiture in accordance with Title 18, United States Code, Section 982, of all property involved in each offense of conviction in violation of Title 18, United States Code, Section 1956, or conspiracy to commit such offense, and all property traceable to such property, including, but not limited to the following Specific Property listed below.

80.    The United States hereby gives notice to the defendants charged in Counts Two through Six that, upon their conviction of any such offenses, the government will seek forfeiture in accordance with Title 18, United States Code, Section 982(a)(2)(B) which requires a person convicted of any such offense to forfeit any property constituting or derived from proceeds obtained either directly or indirectly as a result of such offenses, including, but not limited to, the following Specific Property listed below.

### Specific Property

81.    The property subject to forfeiture includes, but is not limited to, the following:

      a.    Virtual currency account: All monies, funds, and credits associated with account controlled by Ardit Kutleshi, Kosovan Passport number PXXXX7402 at Cryptocurrency Service Provider 1;

b.     Virtual currency account: All monies, funds, and credits associated with account controlled by Jetmir Kutleshi, Kosovan Passport number PXXXX0092 at Cryptocurrency Service Provider 2;

c.     Virtual currency account: All monies, funds, and credits associated with account controlled by Ardit Kutleshi, Kosovan Driver's License Number RKS IDXXX5034, date of birth, August 29, 1998, at Cryptocurrency Service Provider 3; and

d.     Virtual currency account: All monies, funds, and credits associated with BTC address 1GK4jjTrg8ddKmn3yvoTjxJW57UKMQGwtJ.

### Money Judgment

82.     The United States will seek a forfeiture money judgment for a sum of money equal to the value of any property, real or personal, involved in this offense, and any property traceable to such property, of at least $400,000 in United States currency.

### Substitute Assets

83.     If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

(1)     cannot be located upon the exercise of due diligence;

(2)     has been transferred or sold to, or deposited with, a third person;

(3)     has been placed beyond the jurisdiction of the Court;

(4)     has been substantially diminished in value; or

(5)     has been commingled with other property which cannot be subdivided without difficulty,

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 2461(c) to seek forfeiture of any other property of the defendants up to the value of the above-described forfeitable property.

A True Bill,

_____
FOREPERSON

_____
ERIC G. OLSHAN
United States Attorney
IL ID No. 6290382

_____
NICOLE A. STOCKEY
Assistant United States Attorney
PA ID No. 306955

*/s/ Thomas S. Dougherty*
_____
THOMAS S. DOUGHERTY
Trial Attorney
Computer Crime and Intellectual Property Section
Criminal Division
U.S. Department of Justice
PA ID No. 73570