IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA

v.

ARDIT KUTLESHI,
JETMIR KUTLESHI,
d/b/a RYDOX.cc, and RYDOX.ru

Criminal No. 2:24-cr-248

[UNDER SEAL]

**FILED**

NOV 06 2024

CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

## INDICTMENT MEMORANDUM

AND NOW comes the United States of America, by its attorneys, Eric G. Olshan, United

States Attorney for the Western District of Pennsylvania, and Nicole A. Stockey, Assistant United

States Attorney for said District, and submits this Indictment Memorandum to the Court:

## I. **THE INDICTMENT**

A federal grand jury returned a six-count indictment against the above-named defendants

for alleged violations of federal law:

| COUNT | OFFENSE/DATE | TITLE/SECTION | DEFENDANTS CHARGED |
|---|---|---|---|
| One | Conspiracy to Commit Money Laundering<br><br>February 2016 – November 2024 | 18 U.S.C. § 1956(h) | Ardit Kutleshi<br>Jetmir Kutleshi |
| Two | Unauthorized Solicitation of Access Device<br><br>May 22, 2024 | 18 U.S.C. §§ 1029(a)(6), 1029(c)(1)(A)(i) and 2 | Ardit Kutleshi<br>Jetmir Kutleshi |

| Three | Conspiracy to Transfer, Possess, or Use Means of Identification | 18 U.S.C. § 1028(f) | Ardit Kutleshi Jetmir Kutleshi |
| | February 2016 – November 2024 | | |
| Four and Five | Unlawful Transfer, Possession, or Use Means of Identification | 18 U.S.C. §§ 1028(a)(7) and (b) and 2 | Ardit Kutleshi Jetmir Kutleshi |
| | November 21, 2022 (Count 4) May 22, 2024 (Count 5) | | |
| Six | Aggravated Identity Theft | 18 U.S.C. §§ 1028A(a)(1) and 2 | Ardit Kutleshi Jetmir Kutleshi |
| | May 22, 2024 | | |

## II. ELEMENTS OF THE OFFENSES

**A.    As to Count 1:**

In order for the crime of Conspiracy to Commit Money Laundering, in violation of 18 U.S.C. § 1956(h), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1.    That a conspiracy to launder money, as charged in the Indictment, was entered into by two or more people.

2.    That the defendant knew the purpose of the conspiracy.

3.    That the defendant deliberately joined the conspiracy.

18 U.S.C. § 1956(h); United States v. Navarro, 145 F.3d 580, 593 (3d Cir. 1998); 18 U.S.C. § 1956(h); Whitfield v. United States, 543 U.S. 209 (2005) ("conviction for conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h), does not require proof of an overt act in furtherance of the conspiracy").

**B.    As to Count 2:**

In order for the crime of Unauthorized Solicitation of Access Device, in violation of 18 U.S.C. §§ 1029(a)(6), 1029(c)(1)(A)(i) and 2, to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1.    The defendant knowingly solicited a person for the purpose of offering and/or selling information regarding an access device;

2.    The defendant solicited that person without authorization of the issuer of the access device;

3.    The defendant acted with the intent to defraud; and

4.    The defendant's conduct in some way affected commerce between one state and another state or between a state of the United States and a foreign country.

18 U.S.C. § 1029(a)(6); Model Crim. Jury Instr. 9th Cir.8.89 (2010).

**C.    As to Count 3:**

In order for the crime of Conspiracy to Commit Identity Theft, in violation of 18 U.S.C. § 1028(f), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1.    That two or more persons agreed to commit an offense, that is, to knowingly transfer or cause to be transferred, possess, or use, in or affecting interstate or foreign commerce, without lawful authority, a means of identification of another person (18 U.S.C. §§ 1028(a)(7) and (b));

2.    That the defendants were parties to or members of that agreement; and

3.    That the defendants joined the agreement or conspiracy knowing of its objective or purpose and intended to join together with at least one other alleged conspirator to

achieve that objective; that is, that the defendants and at least one other alleged conspirator shared a unity of purpose and the intent to achieve that objective.

18 U.S.C. § 1028(f).

**D.    As to Counts 4 and 5:**

In order for the crime of Unlawful Transfer, Possession, or Use of a Means of Identification, in violation of 18 U.S.C. §§ 1028(a)(7), and (b) and 2, to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1.    That the defendants knowingly transferred, possessed or used, without lawful authority, a means of identification of another person.

2.    The defendants did so with the intent to commit, or to aid or abet, or in connection with, any unlawful activity that constitutes a violation of federal law, or that constitutes a felony under any application state or local law.

3.    The transfer, possession or use of the means of identification was in or affected interstate or foreign commerce.

18 U.S.C. §§ 1028(a)(7) and (b); <u>Apprendi v. New
Jersey</u>, 530 U.S. 466 (2000).

**E.    As to Count 6:**

In order for the crime Aggravated Identity Theft, in violation of 18 U.S.C. § 1028A(a)(1), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1.    That the defendants committed a felony violation of a statute listed in 18 U.S.C. § 1028A(c), which includes Unauthorized Solicitation of an Access Device, in violation of 18 U.S.C. § 1029(a)(6); and

2.      That the defendants, during and in relation to said felony violation, knowingly transferred, possessed or used, without lawful authority, a means of identification of another person.

18 U.S.C. § 1028A(a)(1).

### III. PENALTIES

**A.      As to Count 1: Conspiracy to Commit Money Laundering (18 U.S.C. § 1956(h)):**

1.      A term of imprisonment of not more than twenty (20) years or not more than ten (10) years for a conspiracy to violate 18 U.S.C. §1957;

2.      A fine of not more than $500,000 or twice the value of the property involved in the transaction, whichever is greater; and

3.      If the sentence includes a term of imprisonment, the Court may impose a period of supervised release of not more than three (3) years (18 U.S.C. § 3583).

**B.      As to Count 2: Unauthorized Solicitation of an Access Device (18 U.S.C. §§ 1029(a)(6), 1029(c)(1)(A)(i) and 2):**

1.      A term of imprisonment of not more than ten (10) years or up to twenty (20) years for an offense that occurs after a conviction for another offense under this section;

2.      A fine of not more than $250,000;

3.      or both imprisonment and fine;

4.      A term of supervised release of up to three (3) years;

5.      Any or all of the above.

**C.    As to Count 3: Conspiracy to Transfer, Possess, and Use Means of Identification (18 U.S.C. § 1028(f)):**

1.    A term of imprisonment of not more than fifteen (15) years (18 U.S.C. § 1028(b)(1)(D)). If the offense did not result in the defendant obtaining anything of value aggregating $1,000 or more during any one year period, then not more than five (5) years (18 U.S.C. § 1028(b)(2));

2.    A fine not more than the greater of:

(a)    $250,000 (18 U.S.C. § 3571(b)(3));

<u>or</u>

(b)    an alternative fine in an amount not more than the greater of twice the gross pecuniary gain to any person or twice the pecuniary loss to any person other than the defendant, unless the imposition of this alternative fine would unduly complicate or prolong the sentencing process (18 U.S.C. § 3571(d));

3.    A term of supervised release of not more than three (3) years (18 U.S.C. § 3583(b)(2));

4.    Any or all of the above.

**D.    As to Counts 4 and 5: Unlawful Transfer, Possession, or Use of Means a of Identification (18 U.S.C. §§ 1028(a)(7) and (b) and 2):**

1.    A term of imprisonment of not more than fifteen (15) years (18 U.S.C. § 1028(b)(1)(D)).  If the offense did not result in the defendant obtaining anything of value aggregating $1,000 or more during any one year period, then not more than five (5) years (18 U.S.C. § 1028(b)(2));

2.    A fine not more than the greater of:

(a)    $250,000 (18 U.S.C. § 3571(b)(3));

or

(b)    an alternative fine in an amount not more than the greater of twice the gross pecuniary gain to any person or twice the pecuniary loss to any person other than the defendant, unless the imposition of this alternative fine would unduly complicate or prolong the sentencing process (18 U.S.C. § 3571(d));

3.    A term of supervised release of not more than three (3) years (18 U.S.C. § 3583(b)(2));

4.    Any or all of the above.

**E.    As to Count 6:  Aggravated Identity Theft (18 U.S.C. § 1028A(a)(1)):**

1.    A term of imprisonment of two years to run consecutively with any other term imposed, except as stated in 18 U.S.C. § 1028A(b)(4) (18 U.S.C. § 1028A(a)(1), (b));

2.    A fine not more than the greater of:

(1)    $250,000 (18 U.S.C. § 3571(b)(3));

or

(2)    an alternative fine in an amount not more than the greater of twice the gross pecuniary gain to any person or twice the pecuniary loss to any person other than the defendant, unless the imposition of this alternative fine would unduly complicate or prolong the sentencing process (18 U.S.C. § 3571(d));

3.    A term of supervised release of not more than one (1) year (18 U.S.C. § 3583);

4.    Any or all of the above.

## IV. <u>MANDATORY SPECIAL ASSESSMENT</u>

A mandatory special assessment of $100.00 must be imposed at each count upon which the defendant is convicted, pursuant to 18 U.S.C. § 3013.

## V. <u>RESTITUTION</u>

Restitution may be required in this case.

## VI. <u>FORFEITURE</u>

As set forth in the Indictment, forfeiture may be applicable in this case.

Respectfully submitted,

ERIC G. OLSHAN
United States Attorney


*/s/ Nicole A. Stockey*
NICOLE A. STOCKEY
Assistant United States Attorney
PA ID No. 306955